UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JAMES,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY,[1]<br><br>    Respondent. | No. 2:14-cv-788-GEB-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely. ECF No. 11. Petitioner filed an opposition to respondent's motion, ECF No. 14, and respondent filed a reply to petitioner's opposition, ECF No. 16.[2] For the reasons that follow, respondent's motion to dismiss should be granted.

---

[1] Petitioner named "Warden Sandor" as respondent. ECF No. 1. The court substitutes the correct respondent, the Warden of the California State Prison, Corcoran, where petitioner is presently incarcerated. *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing Section 2254 Cases) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition"); *see also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

[2] After respondent filed the reply, petitioner filed an unauthorized "Statement." ECF No. 17. The Local Rules provide only for a motion, an opposition, and a reply. E.D. Cal. Local Rule 230. Petitioner neither sought nor obtained court approval before filing his statement. Accordingly, the "Statement" is not considered in resolving respondent's motion.

## I.    BACKGROUND

On July 22, 2010, a jury convicted petitioner of murder and possession of marijuana for sale. ECF No. 15, Notice of Lodging Document in Paper ("Lodg. Doc.") 1 (Abstract of Judgment from Nevada County Superior Court). Petitioner appealed to the California Court of Appeal, Third Appellate District ("Court of Appeal"). On March 7, 2012, the Court of Appeal awarded petitioner thirteen extra days of credit and affirmed the judgment as modified. Lodg. Doc. 2. The California Supreme Court denied petitioner's request for review on May 23, 2012. Lodg. Doc. 4.

Petitioner subsequently filed three state habeas corpus petitions. He filed the first in Nevada County Superior Court on February 1, 2012.[3] Lodg. Doc. 5. The Superior Court denied that petition on April 9, 2012. Lodg. Doc. 6. Petitioner filed the second state habeas petition in the Court of Appeal on July 29, 2012. Lodg. Doc. 7. The Court of Appeal denied that petition on August 9, 2012. Lodg. Doc. 8. Petitioner filed his third state habeas petition in the California Supreme Court on August 23, 2012. Lodg. Doc. 9. The California Supreme Court denied that petition on October 31, 2012. Lodg. Doc. 10.

Petitioner filed the pending federal habeas petition on March 21, 2014. ECF No. 1.

## II.   THE LIMITATIONS PERIOD

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

---

[3] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### A. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay,* 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### B. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d at 814; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

/////

## III.   ANALYSIS

The California Supreme Court denied petitioner's petition for review on May 23, 2012. Lodg. Doc. 4. The conviction became "final" within the meaning of § 2244(d)(1)(A) ninety days later (i.e., on August 21, 2012), when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner therefore had until August 22, 2013 to file his federal habeas petition. Because petitioner did not file his federal petition until March 21, 2014, it is barred under AEDPA's one-year limitations period, absent tolling.

### A.   Statutory Tolling

Petitioner filed—and the reviewing courts denied—his first two state habeas petitions before the limitations period even commenced. Lodg. Docs. 5-8. A collateral action filed prior to the effective date of the limitations period, however, does not toll the limitations period. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (explaining that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing"). Thus, neither of petitioner's first two state habeas petitions tolled the limitations period.

Petitioner properly filed his third state habeas petition with the California Supreme Court on August 23, 2012. Lodg. Doc. 9.[4] By filing that petition prior to the expiration of the limitations period, petitioner tolled the limitations period for the entire time that the application was "pending." 28 U.S.C. § 2244(d)(2). Petitioner's third state habeas petition was pending from the day he filed it (August 23, 2012) to the day the California Supreme Court denied it (October 31, 2012). Lodg. Docs. 9, 10. Because petitioner tolled the limitations period under § 2244(d)(2) for those seventy days, he had until October 30, 2013 to file his federal petition. As noted above, petitioner did not file his federal petition until March 21, 2014. ECF No. 1. Thus, absent

---

[4]   Respondent does not argue that the third state petition was improperly filed. ECF No. 11 at 4.

equitable tolling, petitioner's federal petition is barred under AEDPA's one-year limitations period.

### B. Equitable Tolling

In his opposition to respondent's motion to dismiss, petitioner argues that the court should apply equitable tolling because (1) he has been diligent in seeking collateral relief, (2) he is "proceeding in pro per, without any formal legal education," (3) he was in administrative segregation for a total of eleven months between October 20, 2011 and May 27, 2014, and (4) he was transferred to five different penal institutions in the last four years. ECF No. 14 at 1-2.

#### 1. Diligence

Petitioner was undeniably diligent in filing his three state habeas petitions: he filed his first two before the judgment even became "final," and he filed his third just two weeks after the Court of Appeal denied his second. Lodg. Docs. 5, 7-9. But the California Supreme Court denied his third state habeas petition on October 31, 2012, and petitioner did not file his federal habeas petition until March 21, 2014—more than a year and four months later. Lodg. Doc. 10; ECF No. 1. While petitioner may have been diligent in seeking habeas relief in the state courts, he was not diligent in filing his federal habeas petition. *Cf. Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (explaining that a "brief interval" between state court exhaustion and federal filing is "normally 30 days"), cited with approval in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Because petitioner has not satisfied his burden of demonstrating that he has been pursuing his rights diligently, equitable tolling is not warranted.

#### 2. Formal Legal Education

Petitioner suggests he is entitled to equitable tolling because he is "proceeding in pro per, without any formal legal education." ECF No. 14 at 2. Petitioner fails to appreciate that prisoners do not have a right to counsel in habeas proceedings, *Miranda v. Castro*, 292 F.3d at 1067-68, and that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling," *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, equitable tolling is not warranted on the grounds that petitioner did not have any formal legal training or counsel assisting with his petitions.

5

### 3. Administrative Segregation

According to petitioner, he was in administrative segregation from October 20, 2011 to September 11, 2012 and from December 11, 2013 to May 27, 2014. ECF No. 14 at 2. During those periods, his "access to legal research and materials was extremely limited." *Id.* Even if true, petitioner's claims do not warrant equitable tolling for the period he was in administrative segregation.

First, the limitations period began on August 22, 2012, and, with statutory tolling, petitioner had until October 30, 2013 to file his federal petition. Because petitioner's second stint in administrative segregation (i.e., from December 11, 2013 to May 27, 2014) commenced more than a month after the limitations period concluded, it could not have affected the timeliness of his federal habeas petition. Moreover, his first stint of administrative segregation ended twenty days after the limitations period commenced. Even if equitable tolling were warranted for those twenty days, petitioner's federal habeas petition would still be untimely.

Second, as noted above, the United States Supreme Court has suggested that a petitioner should be able to file a federal habeas petition within a brief interval, normally thirty days, after completing state court exhaustion. *Rhines*, 544 U.S. at 277-78 (citing *Zarvela*, 254 F.3d at 381). Here, petitioner completed state court exhaustion when the California Supreme Court denied his third state habeas petition on October 31, 2012, and petitioner did not file his federal habeas petition until March 21, 2014—more than a year and four months later. Lodg. Doc. 10; ECF No. 1. Even with "extremely limited" access to "legal research and materials," petitioner could have filed a basic form federal habeas petition to satisfy the AEDPA deadline. *See Waldron-Ramsey*, 556 F.3d at 1014 ("If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . ."); *see also Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (finding that a petitioner "is not entitled to equitable tolling on the ground that he did not have his legal files [when] the record shows that he was aware of the factual basis of his claims without them.").

Third, the Ninth Circuit has explicitly rejected petitioner's suggestion that reduced access to research materials while in administrative segregation warrants equitable tolling. *See Ramirez*

6

1 *v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *Soto v. Lopez*, No. 12-55093, ___ F. App'x ___, ___,
2 2014 WL 2142215, at *1 (9th Cir. May 23, 2014).  In *Ramirez*, a prisoner seeking federal habeas
3 relief argued that that he was entitled to equitable tolling for the four months he was in
4 administrative segregation because he had limited access to the law library and copy machine
5 during that time.  *Id.*  The Ninth Circuit explained that "ordinary prison limitations on [the
6 prisoner's] access to the law library and copier (quite unlike the denial altogether of access to his
7 personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his
8 petition in a timely manner."  *Id.*  Here, petitioner claims only that his "access to legal research
9 and materials was extremely limited" while in administrative segregation; he does not contend
10 that he was outright denied access to his personal legal papers during that time.  ECF No. 14 at 2.
11 The court also notes that petitioner filed all three of his state habeas petitions during his first stint
12 in administrative segregation (i.e., between October 20, 2011 and September 11, 2012). Because
13 petitioner has not shown that his extremely limited access to legal research and materials was an
14 extraordinary prison limitation that made it impossible for him to file his federal habeas petition
15 in a timely manner, equitable tolling for the twenty days that he was in administrative segregation
16 during the limitations period is not warranted.

### 4. Transfers Between Prisons

18     Petitioner also suggests that the court should grant equitable tolling because he was
19 transferred to five different penal institutions over the course of four years.  ECF No. 14 at 1.
20 According to petitioner, "[e]ach location requires an 'Orientation' process which can last from 2
21 to 4 weeks and is often without personal property, including any legal paperwork, or access to the
22 law library or research materials."  *Id.*  Petitioner does not provide any specific details such as
23 dates of transfers, what legal paperwork he was deprived of, or the duration of the deprivations,
24 other than:  (1) he arrived at California State Prison, Corcoran on July 31, 2013 and was without
25 his property until August 26, 2013, (2) he was admitted to the hospital on November 22, 2013,
26 placed in administrative segregation on December 11, 2013, and was without his property until
27 January 24, 2014, (3) officials at Calipatria State Prison misplaced his trial discovery documents,
28 and (4) officials at California State Prison, Corcoran lost all of his trial transcripts.

Like placements in administrative segregation, transfers between prisons are ordinary prison limitations. *See, e.g., Soto*, 2014 WL 2142215, at *1 (finding that petitioner, despite claiming that he lacked access to the law library and his legal materials while in administrative segregation and during a prison transfer, had not demonstrated "that these ordinary prisons limitations amounted to an extraordinary circumstance beyond his control preventing him from filing his federal habeas petition"); *Ray v. Marshall*, 376 F. App'x 670, 671 (9th Cir. 2010) (rejecting argument that lack of access to legal files after a prison transfer justifies equitable tolling). Petitioner has also failed to identify specific instances in which he needed documents that he was deprived of as a result of his prison transfers. *See Waldron–Ramsey*, 556 F.3d at 1013-14 (denying equitable tolling based on lack of access to documents because the petitioner "d[id] not point to specific instances where he needed a particular document, could not have kept that document within his permitted three boxes had he been cooperative, and could not have procured that particular document when needed.").

### IV.   CONCLUSION

Petitioner has failed to establish both his diligence in seeking federal habeas relief and an extraordinary circumstance that prevented the timely filing of his federal habeas petition. Equitable tolling is therefore not warranted. With the seventy days that the limitations period was tolled under § 2244(d)(2), petitioner had until October 30, 2013 to file his federal petition. Because petitioner did not file his federal petition until March 21, 2014, it is untimely under AEDPA.

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's May 29, 2014 motion to dismiss (ECF No. 11) be granted;
2. This action be dismissed with prejudice as barred by the limitations period contained in 28 U.S.C. § 2244(d)(1)(A)-(D); and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Proceedings (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  December 3, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE